## Scholes v. The Murray Iron Works Co.

1. **Practice:** AFFIDAVITS. Where affidavits were filed to support a motion for the discharge of a garnishee and the motion was sustained, it was *held*, that the same affidavits might be filed to support a similar motion in another proceeding between the same parties.

2. **Husband and Wife:** RESIDENCE. If a man's wife removes to another state and he does not follow except to visit her, but continues in the state where his residence had become established, without any intention of removal, he does not cease to be a resident of that state by reason of the removal of his wife.

*Appeal from Des Moines District Court.*

### THURSDAY, OCTOBER 5.

THE plaintiff having recovered judgment against the defendant, Howard, garnished the Murray Iron Works Co., as debtor of said Howard. The said company was required to appear and answer, and did appear and answer at the October Term, 1875, of the court. It was admitted that said company owed said Howard, but upon a motion being filed by said Howard and said company for a discharge of the company as garnishee, supported by affidavit, to the effect that said Howard is a resident of Iowa; that he is the head of a family; that the indebtedness from said company to him was for personal earnings, and was exempt from execution, the court sustained the motion and discharged the garnishee. Afterwards the company was garnished again, and appeared and answered at the January Term, 1876, of said court. A similar motion and answer were filed. The same affidavits which were filed in support of said motion made at the October Term were filed in support of the motion made at the January Term. Some counter affidavits were filed by the plaintiff, and upon hearing of the motion the court sustained the same and the garnishee was discharged again. Other facts are stated in the opinion. Plaintiff appeals from the order of the court discharging the garnishee.

*T. C. Whiteley*, for appellant.

*Thomas Hedge, Jr.*, for appellee.

ADAMS, J.—I. It is claimed that the court erred in allowing affidavits which had been filed in court at a previous term in support of a different motion and under a different garnishment, to be used in support of the motion made in the present case. The parties, however, were the same and the point to which they were filed, to-wit, the residence of Howard, was the same, and we are unable to see that the plaintiff was prejudiced in any respect.

1. PRACTICE: affidavits.

II. The affidavits and counter affidavits taken together show that prior to 1867 the said Howard and his family were residing in the city of Burlington, Iowa; that in that year the said Howard's wife, having some money of her own, bought some real estate in Illinois and moved upon it, and has resided there ever since; that said Howard is a machinist, and is employed by the said Murray Iron Works Co., in Burlington, Iowa, and expects to continue in the service of said company; that he could not prosecute his trade where his wife lives, and has never intended to reside there, or elsewhere than in Burlington, Iowa; that he has never claimed the right to vote in Illinois, but has claimed to be a resident of Iowa; that his wife is dependent upon him for support; that he visits her about once in four months, and she often visits him in Burlington. It is claimed that the affidavits show that Howard's family resides in Illinois, and that as a matter of law his residence also should be regarded as in that state.

2. HUSBAND and wife: residence.

If Howard visits his wife only about once in four months he could not be considered as living with her. Where a man's residence becomes established in a state, if his wife afterwards removes to another state, and he does not follow her except to visit her, but continues in the state where his residence had become established, without any intention of removing therefrom, he does not cease to be a resident of that state by reason of the removal of his wife to another.

AFFIRMED.